MEMORANDUM **
Fernando Romero Pineda, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals’ (“BIA”) order dismissing his appeal from an immigration judge’s decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence findings of fact, and we review de novo legal determinations. Wakkary v. Holder, 558 F.3d 1049, 1056 (9th Cir.2009). We deny the petition for review.
Substantial evidence supports the BIA’s conclusion that the harm Pineda experienced in Guatemala was not severe enough to warrant a grant of humanitarian asylum. See Kumar v. INS, 204 F.3d 931, 934-35 (9th Cir.2000). In his opening brief, Pineda fails to challenge the BIA’s findings that even assuming he suffered *741 past persecution, he no longer has a well-founded fear of persecution in light of changed country conditions and that he has not otherwise established a well-founded fear. See Martinez-Serrano v. INS, 94 F.3d 1256, 1259-60 (9th Cir.1996) (issues not specifically raised and argued in a party’s opening brief are waived). Accordingly, we deny the petition as to Pineda’s asylum claim.
We also deny the petition for review as to Pineda’s withholding of removal claim in light of his failure to challenge the BIA’s dispositive finding that because he failed to establish a well-founded fear, he necessarily failed to meet the more stringent burden of proof for withholding of removal. See id,.; see also Sowe v. Mukasey, 538 F.3d 1281, 1288 (9th Cir.2008). In light of this conclusion, we need not address Pine-da’s challenge to the agency’s alternative denial of withholding of removal based upon the criminal bar.
Substantial evidence supports the agency’s denial of CAT relief because Pineda failed to demonstrate it was more likely than not he would face torture upon return to Guatemala. See Sowe, 538 F.3d at 1288-89 (denial of CAT relief supported by substantial evidence in light of changed country conditions).
PETITION FOR REVIEW DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.